S95Y0188. IN THE MATTER OF RICKEY F. ELLIS, JR.
(456 SE2d 51)

PER CURIAM.

The State Bar of Georgia filed a petition seeking emergency suspension of Respondent Rickey F. Ellis, Jr.'s license to practice law in this state pending disciplinary proceedings. Ellis subsequently filed a petition for voluntary surrender of his license. We accept the surrender of Ellis' license, which is the equivalent of disbarment.

The State Bar alleged in four counts that Ellis violated Standards 4 (professional conduct involving fraud, deceit, or wilful misrepresentation), 44 (abandonment of a legal matter), 45 (making false statements in the course of representation and settlement), 61 (failure to promptly deliver funds to client), 62 (failure to label or identify client funds), 63 (failure to maintain records of and render appropriate accounting of client funds), and 65 (withdrawal of escrow funds for personal use) of Bar Rule 4-102 (d).

The State Bar based its petition on the following factual allegations: that Ellis, without the consent of his clients, dismissed a wrongful death action filed on his clients' behalf, failed to refile the action within six months, and attempted to settle with his clients by issuing worthless checks on his escrow account; that Ellis continually issued checks on his escrow account without sufficient funds to cover the

checks; that Ellis failed to distribute settlement funds received to several clients; and that in representing one client, Ellis prepared two orders appearing to be conformed copies of original orders signed by a judge.

Following this court's appointment of a special master pursuant to Bar Rules 4-108 and 4-209 (b), Ellis petitioned for the voluntary surrender of his license. The State Bar did not oppose the petition but requested that Ellis be required to comply with Bar Rule 4-219 (c) and that any petition for reinstatement comply with the rules for reinstatement in effect at that time and that the petition contain the information currently required under Rule 4-301. The special master has recommended that this court accept the voluntary surrender with the conditions outlined by the State Bar.

We hereby accept Ellis' voluntary surrender of his license and order that he is no longer permitted to practice law in this state. He is directed to comply with Rule 4-219 (c) and to certify to this Court that he has satisfied the requirements of that Rule. Additionally, if Ellis ever seeks reinstatement he must comply with the rules in effect at that time and his petition must contain a copy of this opinion and the name and mailing address of each individual named in the State Bar's petition for emergency suspension and any formal complaints pending against Ellis as of April 17, 1995.

*Voluntary surrender of license. All the Justices concur.*

DECIDED APRIL 17, 1995 —
RECONSIDERATION DENIED MAY 12, 1995.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Bridget B. Bagley, Deputy General Counsel State Bar,* for State Bar of Georgia.
*Frank J. Beltran,* for Ellis.